James J. Davis, Jr., AK Bar No. 9412140
Goriune Dudukgian, AK Bar No. 0506051
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
(907) 308-3395 (telephone)
(866) 813-8645 (fax)
Email: jdavis@njp-law.com
Email: gdudukgian@njp-law.com

Attorneys for Plaintiff

COPY
Original Received
APR 17 2020
Clerk of the Trial Courts

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| YVONNE ITO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PAUL RUDE, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 3AN-20-05960 CI |

## COMPLAINT

COMES NOW the plaintiff, Yvonne Ito, by and through counsel, the Northern Justice Project, LLC, and for her complaint against Paul Rude, alleges and requests relief as follows:

### INTRODUCTION

1. Yvonne Ito was the Director of the Elder Services program at the Copper River Native Association ("CRNA") from January 14, 2018 through May 13, 2019. She brought nearly four decades of relevant experience to this work. And

she was an exemplary employee. Ms. Ito increased CRNA's services to elders, helped secure grant funding, trained employees, managed teams, and much more.

2. Paul Rude is also an employee of CRNA and has committed various wrongful actions that are wholly at-odds with CRNA's mission and its short and long-term interests. Rude is not only manifestly dishonest, he has also committed various torts against Ms. Ito. For example, Rude slandered Ms. Ito to CRNA's Board by telling it that Ms. Ito is "under F.B.I. investigation." This is an out and out falsehood concocted by Rude. But that is just the tip of the iceberg as far as Rude's misconduct. Rude also instructed CRNA employees to boycott a local business simply because a former CRNA employee worked there. Rude signed grant applications while working with CRNA that he knew contained false information. Rude discouraged other CRNA employees from maintaining friendships with community members that he considers "troubled." Rude retaliated against other CRNA employees for communicating concerns with the CRNA board, such as about how CRNA money was being misspent. Rude ignored sexual assault investigations and other important investigations. Rude also has ignored concerns about medical billing issues and possible fraud. Rude hired and promoted people based on nepotism. Rude also threatened CRNA employees to try to coerce them into signing false statements. Rude fired various CRNA employees for illegal and arbitrary reasons. All of these acts brought dishonor to CRNA. None of these acts were authorized by CRNA's Board. All of these wrongful actions were outside of the course and scope of Rude's employment with CRNA.

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

3. In the midst of all of her hard work at CRNA, Ms. Ito made a career ending mistake: she dared to stand up for CRNA and opposed Rude's illegal machinations, instead of just going along with his misconduct. Ms. Ito was more concerned with protecting CRNA and helping it meet the needs of the communities it serves. Ms. Ito's resistance was her downfall; Rude targeted her and fired her. The same sort of thing he has done to so many other high-quality CRNA employees.

4. Ms. Ito is bringing this lawsuit because Rude's actions are wrongful, are happening without the knowledge or approval of CRNA's Board, and are damaging to CRNA and the community. She is also bringing this lawsuit so that future CRNA employees do not experience the same abuses that she and many previous CRNA employees had to endure.

## JURISDICTION AND VENUE

5. This Court has jurisdiction per AS § 22.10.020(c) and (g).

6. Venue is proper in Anchorage per AS § 22.10.030 and Civil Rule 3(c).

## PARTIES

7. Plaintiff Yvonne Ito is a resident of the Third Judicial District.

8. Paul Rude is a resident of the Third Judicial District and is sued in his personal capacity.

## RELEVANT BACKGROUND

9. Yvonne Ito has approximately four decades of experience serving as a social worker, an educator, and a social services provider.

Complaint
*Yvonne Ito v. Paul Rude;* Case No. 3AN-20-_____ CI
Page 3 of 15

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

10. Ms. Ito has devoted her life and career to public service, and particularly to working with underserved populations.

11. Ms. Ito has extensive experience working on issues concerning mental health, abuse and neglect, domestic violence, drug abuse, alcohol dependency, suicide prevention, and other healthcare problems.

12. In January 2018, Ms. Ito moved to Glenallen, Alaska in order to begin working for CRNA.

13. Ms. Ito served as the director of CRNA's Elder Services program.

14. In this role, Ms. Ito significantly increased the types and amounts of services that CRNA offered to elders.

15. Ms. Ito also helped CRNA to secure significant grant funding.

16. Furthermore, Ms. Ito trained numerous employees for CRNA.

17. She also managed cohesive teams of CRNA workers.

18. Ms. Ito worked hard to try to help make CRNA better and to help improve outcomes for the elders that CRNA serves.

19. There was one problem, though. Ms. Ito loved CRNA so much that she was willing to put her career on the line and stick up to Rude.

20. Rude fostered a hostile work environment and often engaged in misconduct.

21. Ms. Ito refused to endorse or tolerate Rude's misconduct.

22. As one instance, Ms. Ito stuck up to Rude when he made derogatory comments about Alaska Natives. This happened after Ms. Ito hired a white woman

Complaint
*Yvonne Ito v. Paul Rude;* Case No. 3AN-20-_____ CI
Page 4 of 15

to work in a CRNA kitchen around August 1, 2018. In response, a CRNA human resources worker told Ms. Ito that Rude did not want white people working in the kitchen. Then, Rude called Ms. Ito to a CRNA board room, told her she needed to fire the woman, and said she should have found an "Indian" for a kitchen job. He then made racist comments about Alaska Natives, stating that he did not want a white person working in the kitchen, and that Ms. Ito could go out to the villages and "beat the bushes" to find an "Indian" to do that job. Ms. Ito refused to condone Rude's racist commands and refused to fire a worker because of their skin color. In response, Rude grew very frustrated and told Ms. Ito that she needed to work with him if she wanted to have a long employment with CRNA. She still refused to fire the kitchen worker for racial reasons.

23. Another time, Ms. Ito stuck up to Rude when he set out to terminate a longtime employee who happened to be disabled. Ms. Ito told Rude that it was wrong to fire someone just because they suffered from a handicap, and also explained why the employee was a longtime asset to CRNA. In response, Rude again grew frustrated with Ms. Ito.

24. On one occasion, Rude even asked Ms. Ito if she wanted to see pictures of a former employee's penis. This was around January 2019. This happened after that employee was fired for sending those pictures to other female employees. Rude eventually called Ms. Ito into his office to talk about the firing. Then, he started talking about the pictures in depth and asked Ms. Ito if she wanted to see the pictures of the man's penis. Ms. Ito declined, and Rude responded by smirking.

Complaint
*Yvonne Ito v. Paul Rude;* Case No. 3AN-20-_____ CI
Page 5 of 15
Case 3:20-cv-00095-JWS   Document 1-1   Filed 04/22/20   Page 5 of 15        Ex. A, Page 5 of 15

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

25. Rude also lashed out at Ms. Ito about her status as a breast cancer survivor. On several occasions, a CRNA employee told others about confidential information about Ms. Ito having received a double mastectomy. This happened around October 2018, January 2019, and March 2019. Ms. Ito, who was hurt by others talking about this sensitive medical issue, responded by filing a written grievance with Sam Precie and Kris Winter and Katrina Church. In response, Rude called her to his office and chastised her for filing the grievance. Ms. Ito was later informed that this grievance was not retained in her personnel file.

26. Still another time, Ms. Ito questioned Rude about him engaging in nepotistic hiring practices, and she advocated for fairness in hiring at CRNA. In response, Rude ignored her and told her to mind her own business.

27. Instead of pacifying Rude, Ms. Ito was concerned with ensuring that CRNA fulfilled its mission and effectively served its stakeholders. She was even willing to stick up to Rude to fulfill these important goals.

28. As a result, Ms. Ito was targeted by Rude. Then, she was terminated in May 2019.

29. The "official" reason for Ms. Ito's firing apparently concerned her decision to lease a car. Apparently, Rude was upset that Ms. Ito was using her own money to personally lease a car that was previously leased through CRNA. It is unclear why Rude was concerned that Ms. Ito was using her own money to lease a car, let alone why this would support or justify the firing of a dedicated employee.

30. In reality, this supposed rationale for Ms. Ito's firing was pretextual.

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

31. In reality, the real reason that Ms. Ito was fired was because – like other victims before and after her – she refused to yield to misconduct by Rude.

32. When Rude sought to boycott local business, Ms. Ito sought to build community.

33. When Rude sought to falsify grant materials, Ms. Ito was adamant about remaining ethical.

34. When Rude ignored concerns about medical billing and fraud, Ms. Ito raised those concerns again.

35. When Rude slandered people, Ms. Ito told the truth.

36. The real reason that Ms. Ito was summarily fired is because she resisted Rude's misconduct in order to fight for a better CRNA.

37. Then, even after Rude fired Ms. Ito, he continued to retaliate against her.

38. He later claimed to CRNA's Board that the FBI was investigating and prosecuting Ms. Ito for fraud. He told the Board that the FBI had reviewed her case's overwhelming evidence and indicated that it looked very strong. This was all a complete and absolute lie which Rude has made up on whole cloth.

39. Unfortunately, this sort of abuse has happened many times before. Ms. Ito is one of many hardworking and passionate former CRNA employees who have fallen victim to Rude's misconduct.

40. People have come from all over Alaska, and all over the United States, to work for CRNA and the communities it serves. Talented and dedicated people

Complaint
*Yvonne Ito v. Paul Rude;* Case No. 3AN-20-_____ CI
Page 7 of 15

from all over have tried to help CRNA thrive. But Rude has repeatedly undermined these efforts.

41. Ms. Ito's claims are supported by numerous CRNA employees with similar experiences of misconduct by Rude.

42. For instance, Todd Diamond came to CRNA with a 24 year background in law enforcement. He was hired as a roving VPSO and was later asked to assume corporate compliance duties, including oversight of internal investigations. During this time, Mr. Diamond witnessed a hostile work environment, pressure to bend rules, retaliatory investigations, and nepotistic hiring. He experienced Rude calling for boycotts of local stores and even willfully ignoring sexual assault claims. Rude spontaneously fired Mr. Diamond one morning and, while doing, tried to coerce him to sign an untrue document.

43. Sam Precie worked at CRNA as Facilities and Support Services Director. He had significant responsibilities across many departments. But Rude obstructed him. Rude pressured Mr. Precie to fire an autistic employee of 10 years, bragged that he could manipulate CRNA's board and Glenallen, ignored Mr. Precie's concerns about healthcare billing problems, and criticized Mr. Precie for raising concerns about sexual harassment. After Mr. Precie raised concerns about how funds were spent at a CRNA board meeting, Rude was apparently embarrassed and fired him two days later.

44. Leslie Corless worked at CRNA first as an administrative assistant, case manager, and elder services manager. Rude once told her that an employee

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

needed to "go away" and asked her to claim the employee was on opioids. She also witnessed Rude fire an employee for being late after deciding she was "not a good fit." Ms. Corless was an employee of the year, won awards, and had stellar evaluations, but her position was terminated.

45. Sven Ahlen began at CRNA as a medical social worker, which CRNA promised to train him for yet never did. Mr. Ahlen was spontaneously moved to a different job, received little guidance, was wrongfully disciplined on numerous occasions, and was later told he was being laid off due to budget cuts.

46. Leila Ladnier worked at CRNA as a registered nurse. In that position, she increased the number of patient visits, immunizations, and school physicals. She collaborated with the elders program. She even served lunch to elders on lunch breaks. Yet Ms. Laidner also faced repeated sexually inappropriate comments from a safety officer, which she reported, but which were never addressed. CRNA also took money out of her check for "living expenses," yet never explained why when she asked about it. She repeatedly witnessed Rude acting irrationally, like telling people to boycott an emergency medical center because it was "the devil" or saying "natives need to be kept in their place." Then, when Ms. Laidner's parents fell sick and her daughter had a baby, she asked for a short leave of absence to visit them. She was initially told this was okay, but things inexplicably changed. She was later told that CRNA was giving her the "See Alaska" program. She was summarily fired for no reason – and then asked her to pay back her moving stipend.

Complaint
*Yvonne Ito v. Paul Rude;* Case No. 3AN-20-_____ CI
Page 9 of 15

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

47. Jonathan Fink worked at CRNA as a project manager and came to the job because he was told he would have an opportunity to help elders fix their homes, including homes without running water. Instead, anytime he showed initiative, he was stifled, and effectively told to do nothing. Rude also knew that Mr. Fink was in a committed relationship with Leila Laidner and had moved to Alaska with her. Rude fully knew, when he summarily fired Ms. Laidner and told her to go "see Alaska," that Mr. Fink would have to leave too.

48. Bill Tudor worked at CRNA as a dental hygienist. He was supposed to work 37 weekly hours, but he often had to work more than 50 weekly hours. Instead of being supported through this workload, or instead of anyone helping to figure out how to lessen this workload, he was simply criticized for working too much. He endured a hostile work environment at CRNA. After he safely relocated, he tried to address these issues through legal action, only for Rude to communicate with him through CRNA employees, claiming CRNA would go after his professional license if he moved forward with legal action.

49. Andrew Schwartz worked at CRNA as a compliance officer. He reported directly to Rude and was responsible for investigations, harassment claims, and other compliance. Rude repeatedly ignored Mr. Schwartz's investigations. Mr. Schwartz also heard Rude talk about giving employees a "see Alaska plan," where they would be fired and told to go see Alaska. Rude demanded that Mr. Schwartz help abruptly terminate Pete Peschang and claimed Peschang was on drugs. He demanded Mr. Schwartz launch a vindictive investigation of a

Complaint
*Yvonne Ito v. Paul Rude;* Case No. 3AN-20-_____ CI
Page 10 of 15

terminated human resources manager and go through his personal property. And he demanded that Mr. Schwartz threaten a former CRNA employee.

50.  Tom Stevens worked at CRNA first as a kitchen helper and later as a head chef. He endured many abuses from Rude. For instance, he has health issues, and once when he had to have a medical appointment, human resources employees repeatedly grilled him about the nature and cause of his health issues. Also, because Mr. Stevens was friends with Ms. Ito, when she was fired, Rude also started harassing him. Despite his promotion to head chef and his hard work, Rude summarily fired Mr. Stevens when he asked for time off to have surgery for his pacemaker, simply telling him that he was an "at will" employee.

51.  Tana Mae Pete is on CRNA's board right now. She previously worked for CRNA, but was fired after speaking up about employee mistreatment. She began as an elder services technician and moved into a case manager position. She worked well with Yvonne Ito, and after Ms. Ito was fired, she knew she could be next, especially because she had the nerve to stick up for other CRNA employees. Soon enough, Ms. Pete was told that "she was not a good fit."

52.  Cindy Martinez worked at CRNA as a behavioral health practitioner and a medical social worker. She moved from Texas to join CRNA, but problems arose immediately. CRNA promised her it would pay to transport her car from Texas, yet then ignored her requests for funding, told her she should walk to work, and gave her a cash advance instead. When Ms. Martinez eventually transitioned to a medical social worker position, Rude tried to compensate her with the lower

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

salary of her old position. Also, when Ms. Martinez had to work across departments – which was necessary – Rude claimed that such work was "volunteering" and that she should not be compensated for it. Rude even told her she could not talk to Ms. Ito after she was fired, even though Ms. Ito was her friend and they lived together.

53. Crystal Killian worked off and on at CRNA in behavioral health, health services, alcohol counseling, and more. She saw CRNA grow increasingly hostile under Rude. She saw people scared to answer their phones or come to work. She saw people crying from the stresses of hostile managers. She heard Rude tell people they are not allowed to laugh or talk at work. She was even told that she was not supposed to talk to people in other departments. One day in January 2019, while working as a director, she was told her position was being "closed." After a period of leave, she continued to try to work for CRNA, even doing secretarial work, but the environment grew too hostile. She retired in Summer 2019, not because she wanted to, but because she felt she had no other choice.

54. Rude thinks that he can retaliate against Yvonne Ito and unfairly terminate her, like he has done to others, and that she will simply give up and move on. She will do neither.

55. Ms. Ito has brought this lawsuit not just to stand up for her own legal rights, but also to stand up for the many past CRNA employees who have also been humiliated and mistreated by Rude.

//

//

Complaint
*Yvonne Ito v. Paul Rude;* Case No. 3AN-20-_____ CI
Page 12 of 15

## FIRST CAUSE OF ACTION – DEFAMATION

56. The foregoing paragraphs of this Complaint are incorporated herein as though fully set forth.

57. In acting in the aforesaid fashion, Rude slandered Ms. Ito and Ms. Ito has been damaged.

58. Rude's actions were wanton, intentional and malicious.

59. Tort damages, including punitive damages, are appropriate.

60. Ms. Ito is entitled to actual, compensatory and punitive damages.

## SECOND CAUSE OF ACTION – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

61. The foregoing paragraphs of this Complaint are incorporated herein as though fully set forth.

62. In acting in the aforesaid fashion, Rude intentionally interfered with the business relationship that Ms. Ito had with CRNA.

63. Rude's actions were wanton, intentional and malicious.

64. Ms. Ito has been damaged.

65. In these circumstances, tort damages, including punitive damages, are appropriate.

66. Ms. Ito is entitled to actual, compensatory and punitive damages.

## THIRD CAUSE OF ACTION -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. The foregoing paragraphs of this Complaint are incorporated herein as though fully set forth.

68. By acting in the aforesaid fashion, Rude acted outrageously and in plain disregard of Ms. Ito's health, safety and well-being or, alternatively, acted in negligent disregard of her health, safety and well-being.

69. Rude's conduct caused and continues to cause Ms. Ito severe and extreme emotional distress.

70. Ms. Ito is entitled to actual, punitive and consequential damages.

### FOURTH CAUSE OF ACTION -- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

71. The foregoing paragraphs of this Complaint are incorporated herein as though fully set forth.

72. Rude acted negligently with regard to Ms. Ito's health, safety and well-being.

73. Rude's conduct caused and continues to cause Ms. Ito severe and extreme emotional distress.

74. Ms. Ito is entitled to actual, punitive and consequential damages.

### PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully request that the Court:

(1) Declaratory and injunctive relief against Rude;

(2) Actual, compensatory and punitive damages against Rude;

(3) The costs and expenses of litigation, including full attorney fees;

(4) All other relief as the Court deems necessary.

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

DATED this 17 day of April, 2020

                NORTHERN JUSTICE PROJECT, LLC
                Attorneys for Plaintiff

                By: _____
                   James J. Davis, Jr., AK Bar No. 9412140
                   Goriune Dudukgian, AK Bar No. 0506051

Northern Justice Project, LLC
A Private Civil Rights Firm
406 G Street, Suite 207
Anchorage, AK 99501
Phone: (907) 308-3395 • Fax: (866) 813-8645

Complaint
*Yvonne Ito v. Paul Rude;* Case No. 3AN-20-_____ CI
Page 15 of 15

Case 3:20-cv-00095-JWS   Document 1-1   Filed 04/22/20   Page 15 of 15

Ex. A, Page 15 of 15